DANIEL G. BOGDEN
United States Attorney
KATHRYN NEWMAN
Assistant United States Attorney
333 Las Vegas Blvd., Suite 5000
Las Vegas, Nevada 89101
Telephone: (702) 388-6336
TODD S. MIKOLOP
Trial Attorney
Environmental Crimes Section
601 D St., NW
Washington, DC 20004
Telephone: (202) 305-0381

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
### -oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>EDWARD N. LEVINE and LUMSDEN W. QUAN,<br><br>Defendants. | Case No.: 2:14- 127<br><br>VIOLATIONS:<br><br>18 U.S.C. § 371 – Conspiracy<br>16 U.S.C. § 3372 (a)(1) and 3373 (d)(1)(B) – Lacey Act Trafficking |

### INDICTMENT

THE GRAND JURY CHARGES:

At all times relevant to this Indictment,

1. Defendant EDWARD N. LEVINE was a United States citizen and resident of the State of California.

2. Defendant LUMSDEN W. QUAN was a United States citizen and resident of the State of California.

3. The Lacey Act, Title 16, United States Code, Section 3372(a)(1) and 3373(d)(1)(B), makes it unlawful for a person to knowingly engage in conduct that involves the sale or purchase of, the offer of sale or purchase of, or the intent to sell or purchase, wildlife with a market value greater than $350 by transporting or selling any such wildlife knowing that the wildlife was sold or transported in violation of or in a manner unlawful under a law or regulation of the United States.

4. The Endangered Species Act ("ESA"), Title 16, United States Code, Sections 1531 et seq., was enacted to provide a program for the conservation of endangered and threatened species. The term "endangered species" means any species, or part thereof, which is in danger of extinction throughout all or a significant portion of its range. 16 U.S.C. § 1532(6). All species determined to be endangered under the ESA are listed in Title 50, Code of Federal Regulations, Part 17.11. The Black Rhinoceros, *Diceros bicornis*, is listed as an endangered species pursuant to the ESA.

5. The term "fish or wildlife" means any member of the animal kingdom, including without limitation any mammal, and includes any part, product, or the dead body or parts thereof. 16 U.S.C. § 1532(8). The Black Rhinoceros is a mammal.

6. The ESA makes it unlawful to knowingly deliver, receive, carry, transport, or ship in interstate or foreign commerce, by any means whatsoever and in the course of a commercial activity, any endangered species. 16 U.S.C. §§ 1538(a)(1)(E), 1540(b)(1).

7. The ESA makes it unlawful to sell or offer for sale in interstate commerce any endangered species. 16 U.S.C. §§ 1538(a)(1)(F), 1540(b)(1).

8. The Black Rhinoceros is a species of prehistoric origin. Black Rhinoceros are herbivores whose survival is threatened by illegal hunting resulting from the international demand for rhinoceros horn, which is prized in some cultures for its alleged medicinal value or for its use as carved art objects.

# COUNT ONE
## Conspiracy To Violate The Lacey Act And The Endangered Species Act

9. The allegations set forth in paragraphs 1 through 8 of this Indictment are realleged and incorporated herein as if set forth in full.

10. From on or about January 20, 2014, to March 19, 2014, in the State and Federal District of Nevada and elsewhere,

**EDWARD N. LEVINE and LUMSDEN W. QUAN,**

defendants herein, did knowingly combine, conspire, and agree, together and with others known and unknown to the grand jury:

a. To knowingly engage in conduct involving the sale and purchase of wildlife having a market value exceeding $350, specifically, Black Rhinoceros horns, knowing that the Black Rhinoceros horns had been transported in violation of United States law, in violation of Title 16, United States Code, Sections 3372(a)(1) and 3373 (d)(1)(B); and

b. To knowingly sell and offer for sale in interstate commerce any endangered species, namely, Black Rhinoceros horns, in violation of Title 16, United States Code, Sections 1538(a)(1)(F) and 1540(b)(1).

### The Objectives of the Conspiracy

11. The objective of the conspiracy was to benefit financially through the illegal sale of two horns from an endangered Black Rhinoceros. In order to make the sale, the Black Rhinoceros horns were transported from California to Las Vegas, Nevada, where the sale took place.

### Manner and Means

12. The manner and means by which defendants EDWARD N. LEVINE ("LEVINE") and LUMSDEN W. QUAN ("QUAN") sought to accomplish the objective of the conspiracy include, but are not limited to, the following:

a. On or about January 20, 2014, defendant QUAN sent an e-mail from California to an

individual in Tennessee ("Individual A") and offered for sale a set of Black Rhinoceros horns.

b. On or about January 29, 2014, defendant QUAN told Individual A during a telephone conversation that he believed the horns he was offering to sell were from a Black Rhinoceros.

c. On or about January 27, 2014, defendant QUAN received an e-mail from Individual A asking defendant QUAN to send photographs and measurements of the rhinoceros horns defendant QUAN was attempting to sell. On or about January 30, 2014, defendant QUAN sent a reply e-mail to Individual A with five photographs of two rhinoceros horns mounted on a wooden plaque.

d. On or about January 30, 2014, defendants QUAN and LEVINE communicated with Individual A by telephone. During the conversation, defendant LEVINE stated, "we got the picture, we understand," in response to Individual A advising defendant LEVINE that the sale of the Black Rhinoceros horns was not legal.

e. On or about February 14, 2014, defendant QUAN communicated with a law enforcement agent acting in an undercover capacity ("UC") by telephone and discussed the date and location of the sale of Black Rhinoceros horns. Defendant QUAN told UC that the owner of the Black Rhinoceros horns lived in San Francisco.

f. On or about February 19, 2014, defendant QUAN sent UC an e-mail and, among other things, told UC that the owner would be driving the rhinoceros horns directly to the meeting location in Las Vegas, Nevada, and defendants QUAN and LEVINE would be taking an airplane.

g. On or about March 13, 2014, defendant LEVINE communicated with UC by telephone to confirm to UC that he would be in Las Vegas for the sale of the rhinoceros horns. Defendant LEVINE also told UC that he had listened in on some of the conversations between defendant QUAN and UC regarding the sale of Black Rhinoceros horns to UC and he, defendant LEVINE, was "the man that is directing [the sale]."

h. On or about March 19, 2014, defendants QUAN and LEVINE flew from California to Las Vegas, Nevada.

i. On or about March 19, 2014, defendants QUAN and LEVINE directed others known to the Grand Jury to drive a set of Black Rhinoceros horns from California to Las Vegas, Nevada.

j. On or about March 19, 2014, defendants QUAN and LEVINE arrived together at a hotel and casino resort located in Las Vegas, Nevada.

k. On or about March 19, 2014, defendant QUAN delivered two Black Rhinoceros horns to UC in a hotel room at the hotel and casino resort.

l. On or about March 19, 2014, defendant QUAN received $55,000 in cash from UC in exchange for the two Black Rhinoceros horns.

All in violation of Title 18, United States Code, Sections 371.

## COUNT TWO
### Lacey Act

13. The allegations set forth in paragraphs 1 through 8 of this Indictment are re-alleged and incorporated herein as if set forth in full.

14. On or about March 19, 2014, in the State and Federal District of Nevada,

**EDWARD N. LEVINE and LUMSDEN W. QUAN,**

defendants herein, did knowingly engage in conduct involving the sale and purchase of wildlife with a market value in excess of $350, specifically, two endangered Black Rhinoceros horns, knowing that the Black Rhinoceros horns had been transported in violation of United States laws, specifically the horns had been delivered, received, carried, transported, and shipped in interstate

. . .

. . .

. . .

. . .

. . .

commerce, by any means whatsoever and in the course of a commercial activity, in violation of the Endangered Species Act, Title 16, United States Code, Sections 1538 (a)(1)(E).

All in violation of Title 16, United States Code Sections 3372 (a)(1) and 3373 (d)(1)(B).

**DATED:** this ___2nd___ day of April 2014.

**A TRUE BILL**.

_____/s/_____
FOREPERSON OF THE GRAND JURY

DANIEL G. BOGDEN,
United States Attorney

KATHRYN NEWMAN
Assistant United States Attorney

TODD S. MIKOLOP
Trial Attorney
Environmental Crimes Section