**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | Case No. 2:14-cr-127-GMN-VCF |
| vs. | **REPORT & RECOMMEDATION** |
| EDWARD LEVINE, | MOTION TO SUPPRESS (#62) |
| Defendant. | |

Mr. Levine is charged with conspiracy to violate the Lacey Act, 16 U.S.C. §§ 3372(a)(1), 3373(d)(1)(B), and the Endangered Species Act, 16 U.S.C. § 1538(a)(1)(E), (F) for his involvement in the sale of rhinoceros horns.

On August 19, 2015, Mr. Levine moved to suppress evidence that was obtained from his cell phone for one reason: the U.S. Fish and Wildlife Services' purported failure to obtain a search warrant under *United States v. Riley*, 134 S. Ct. 2473 (2014). Mr. Levine's basis for moving to suppress is mistaken. The government's opposition shows that the U.S. Fish and Wildlife Services obtained a warrant to search the phone. *See* (Doc. #70-1). In reply, Mr. Levine asserts that "the existence of a search warrant may moot defendant's argument." (Doc. #71 at 3). Mr. Levine's reply also seeks additional discovery, including a copy of the search warrant's affidavit and attachments. (*Id.*)

Mr. Levine's motion to suppress should be denied. However, the court grants Mr. Levine leave to file a motion to compel in order to obtain the discovery he now seeks and possibly prepare an appropriate motion to suppress. Mr. Levine's motion to compel must comply with the court's order regarding pretrial procedure, (Doc. #19), and the applicable local and federal rules of criminal procedure.

1

ACCORDINGLY, and for good cause shown,

IT IS RECOMMENDED that Mr. Levine's Motion to Suppress (#62) be denied.

IT IS SO RECOMMENDED.

DATED this 11th day of September, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE