**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> EDWARD N. LEVINE, ) <br> ) <br> Defendant. ) <br> ) | Case No.: 2:14-cr-00127-GMN-VCF <br><br> **ORDER** |

Pending before the Court is the Emergency Motion to Continue Time for Trial, (ECF No. 154), filed by Defendant Edward N. Levine ("Defendant"), to which the Government filed a Response, (ECF No. 155). For the reasons discussed below, the Court DENIES Defendant's Motion.

**I.  BACKGROUND**

On April 2, 2014, a federal grand jury sitting in the District of Nevada returned an Indictment charging Defendant the following counts: (1) Conspiracy to Violate the Lacey Act and the Endangered Species Act, in violation of 18 U.S.C. § 371; and (2) Lacey Act violation, in violation of 16 U.S.C. §§ 3372(a)(1) and 3373(d)(1)(B). (ECF No. 12). Trial was originally scheduled to begin on June 2, 2014. (*See* Order re Trial ¶ 1, ECF No. 21). In the intervening three years, the Court has granted eleven stipulations to continue trial. (*See* ECF Nos. 22, 29, 31, 37, 44, 63, 80, 112, 131, 135, 145). In addition, the co-defendant in this case has been sentenced, served his sentence, and is currently on supervised release. (*See* Mins. of Dec. 16, 2015, ECF No. 99).

## II. DISCUSSION

The Ninth Circuit looks to four factors when reviewing a district court's decision on a motion to continue: "(1) the extent of [defendant's] diligence in his efforts to ready his defense prior to the date set for hearing . . . (2) how likely it is that the need for a continuance could have been met if the continuance had been granted . . . (3) the extent to which granting the continuance would have inconvenienced the court and the opposing party, including its witnesses . . . (4) the extent to which the [defendant] might have suffered harm as a result of the district court's denial." *U.S. v. Rivera-Guerrero*, 426 F.3d 1130, 1138–39 (9th Cir. 2005).

Using these factors a guide, the Court is persuaded that the ends of justice would not be served by continuing trial in this case. Defendant does not claim a lack of opportunity to prepare his defense for trial—nor could he, given the ample opportunity a three-year delay affords to do so. Further, there is no reason for the Court to believe that, if the continuance were granted, Defendant's situation would be materially different 120 days from now. Indeed, the Court has already granted an earlier Motion to Continue Trial, (ECF No. 122), filed by Defendant based on his doctor's representation that Defendant was medically unable to sit through trial. (Order, ECF No. 124). The Court advised Defendant at the subsequent hearing regarding his medical condition that the Court could provide a hospital bed to accommodate his condition if needed.

Most importantly, the inconvenience to the Court and the Government is substantial. The District of Nevada is extremely busy making the Court's availability to hold hearings and trials difficult. Moreover, the considerable delay in this case raises a genuine concern regarding the memory of witnesses as well as their continued availability. Significantly, a material witness for the Government has passed away, and the Government represents that a potential witness named by Defendant is suffering from serious health issues as well. (Resp. 3:1–3, ECF No. 155).

| | |
|---|---|
| 1 | Finally, the Court can discern no prejudice to Defendant in denying the motion. The doctor's note provided by Defendant states that Defendant is "presently suffering from severe fatigue, worsening muscle pain, a weakened immune system . . ., bloating, and constipation . . . [as well as] frequent urination and poor sleep." (Ex. 1 to Mot. to Cont., ECF No. 154). None of these symptoms suggest an inability to sit through trial, nor do they explain Defendant's alleged inability to travel. Moreover, Defendant has represented to the Court on numerous occasions that he was medically unable to travel to Las Vegas and has not physically appeared before the Court since December 2, 2015. (*See* ECF No. 89). In light of reports the Court has received from Pretrial Services enumerating the various trips Defendant has taken during his pretrial release to Hawaii and Ashland, Oregon, the Court finds Defendant's representations disingenuous, particularly when considering that Las Vegas is much closer to Defendant's home in Novato, California, than Hawaii. |

Finally, the Court can discern no prejudice to Defendant in denying the motion. The doctor's note provided by Defendant states that Defendant is "presently suffering from severe fatigue, worsening muscle pain, a weakened immune system . . ., bloating, and constipation . . . [as well as] frequent urination and poor sleep." (Ex. 1 to Mot. to Cont., ECF No. 154). None of these symptoms suggest an inability to sit through trial, nor do they explain Defendant's alleged inability to travel. Moreover, Defendant has represented to the Court on numerous occasions that he was medically unable to travel to Las Vegas and has not physically appeared before the Court since December 2, 2015. (*See* ECF No. 89). In light of reports the Court has received from Pretrial Services enumerating the various trips Defendant has taken during his pretrial release to Hawaii and Ashland, Oregon, the Court finds Defendant's representations disingenuous, particularly when considering that Las Vegas is much closer to Defendant's home in Novato, California, than Hawaii.

Each of these factors weighs strongly against continuing trial in this case. Defendant's actions indicate persistent attempts to delay trial against him. The public has a right to a speedy trial, *see* 18 U.S.C. § 3161(h)(7)(A), and the Court will not engage in continued delay tactics. Accordingly, the Court sets a status conference for Monday, June 19, 2017, at 9:00 a.m. in LV Courtroom 7C before Chief Judge Gloria M. Navarro to discuss possible accommodations for Defendant. Defendant is required to appear for this hearing. Should Defendant fail to appear, the Court will issue a bench warrant for Defendant's arrest. To accommodate the status conference, the Court continues trial to Tuesday, June 20, 2017, at 8:30 a.m.

///
///
///
///
///

**IT IS HEREBY ORDERED** that Defendant's Motion to Continue Time for Trial, (ECF No. 154), is **DENIED**.

**DATED** this  15  day of June, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Court